LAND, J.
Plaintiff, as tutrix of her minor child, Leonie Mildred Bourdier, brought this suit for damages for the suffering and death of Michel Bourdier, the father of the minor, who, while discharging his duties as bridge foreman of the defendant company, was run over and killed by one of its trains.
Mrs. Mathilde Bqurdier, as widow, also ' *51 sued the defendant for damages for the death of her husband, Michel Bourdier, and recovered a verdict and judgment against the defendant for $12,000, which on appeal was reduced to $10,000. See, Bourdier v. Louisiana Western R. R. Co., 131 La. 689, 60 South. 78.
After the decision of that suit, the present action was tried before the judge below, who rendered judgment for $5,000 in favor of the plaintiff. The defendant has appealed.
The pleadings and evidence in the two cases are practically the same. Both plaintiffs claimed damages for the death of Michel Bourdier, and the minor also claimed damages for his sufferings.
The responsibility of the defendant for the death of Michel Bourdier was settled in the suit- of his widow, and the only remaining question is whether the award of damages in favor of the minor is excessive.
Leonie Mildred Bourdier was born on the 23d day of April, 1906. Her father was killed on March 21, 1911. He survived about six hours, and was conscious until a few minutes before his death. He must have suffered greatly. If Bourdier had recovered he would have been entitled to damages for .his sufferings. This right of action accrued to both the widow and the minor child. See Act No. 120 of 1908. Besides the right to recover one-half of the damages for the suffering of her father, the minor has the right to recover for the loss of the benefits, material and moral, which she would have received had her father lived up to the time of her majority. Eichorn’s Case, 114 La. 712, 725, 38 South. 526, 531, 13 Ann. Cas. 98. Such benefits include not only support, but “the father’s training and advice,” and “the pleasure and comfort of his society.” In the same case the court said: “We have to act in each case upon its own special state of facts.” The loss of parents, as a general rule, causes far more pecuniary damages than the loss of children. In several recent cases this court has made, or approved, awards of $6,000 for the loss of children of tender age. Such awards were based largely on loss of society and companionship. In the instant case there is the additional element of loss of support.
Under both the civil and common law, an action for damages for personal injuries did not survive, and an action for damages for the death of a free person was not permitted. The latter action is granted by our statute in the following language:
“The survivors above mentioned may also recover the damage sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be.”
The damages recoverable are neither defined nor restricted, and it is left to the courts to determine both the nature and quantum of damages recoverable under the statute. This court, applying the principles of the civil law, found no difficulty in reaching the conclusion that the statute in question covered both material and moral injuries to the survivors. But this court nor any other court has ever been able to fix standards for the measure of damages sustained by the death of a blood relative. The material damage which may result from loss of support is conjectural, and there is no standard at all for the measurement of mental or moral injuries. In common-law jurisdictions the quantum of damages is left to the jury, and the judge does not interfere unless the award is manifestly excessive. This court, having jurisdiction over the facts, has been constrained, from time to time, to reduce, or increase, the awards of damages by juries and inferior courts. In like cases this court has endeavored to maintain something approaching uniformity in awards of damages; but has never undertaken to lay down general standards for the measurement of damages. As was said in the Eichorn Case, supra, each case must stand on its own special facts.
*53 In the case at bar we are not prepared to say that the quantum of damages allowed by the judge a quo is excessive, and no increase is prayed for by the appellee.
Judgment affirmed.